```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JIAN GUO WU,                                                 :
SHO GUI DENG, and                                            :
JIANHUA WU,                                                  :
                                                             :
                                                             :           REPORT AND
                              Plaintiffs,                    :           RECOMMENDATION
                                                             :
        -against-                                            :           No. 21-CV-873-LDH-JRC
                                                             :
                                                             :
JJW ENTERPRISES, INC.,                                       :
BENJAMIN WAI,                                                :
DING GUANG WAI, and                                          :
JENNY ZHANG,                                                 :
                                                             :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ x
```

JAMES R. CHO, United States Magistrate Judge:

On February 18, 2021, plaintiffs Jian Guo Wu, Sho Gui Deng, and Jiahua Wu (collectively, "plaintiffs") commenced this wage and hour action against defendants JJW Enterprises, Inc. ("JJW"), Benjamin Wai, Ding Guang Wai, and Jenny Zhang. *See generally* Compl., Dkt. 1. Currently pending before this Court is plaintiffs' motion for leave to file an Amended Complaint to add two new defendants, remove a deceased defendant, and add class and collective action claims. *See* Mem. of Law in Support of Mot. to Amend ("Pls.' Mot."), Dkt. 44-2; Plaintiffs' Reply in Support of Mot. ("Reply Mem."), Dkt. 44-8. Defendants[1] oppose plaintiffs' motion on the grounds that the proposed amendments are untimely, prejudicial and futile. *See* Mem. in Opp. ("Defs.' Opp."), Dkt. 44-7. For the following reasons, this Court

---

[1] For purposes of this Report and Recommendation, the Court refers to all defendants, including defendant Jenny Zhang, collectively as "defendants," even though Ms. Zhang is represented by separate defense counsel, and has not independently filed an opposition to plaintiffs' motion to amend. The Court assumes that Ms. Zhang's interests are aligned with the other defendants in connection with plaintiffs' motion.

respectfully recommends granting dismissal of the claims against deceased defendant Ding Guang Wai and removing Mr. Wai from the case caption, but otherwise denying plaintiffs' motion to amend.[2]

## Background

Plaintiffs bring this action alleging willful violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). *See* Compl. ¶¶ 1, 6-7, Dkt. 1. Defendants allegedly employed plaintiffs as maintenance workers, or "supers," in defendants' residential realty operations. *Id.* ¶¶ 13-15. Plaintiffs seek to recover unpaid wages and overtime compensation from defendants and statutory damages. *Id.* ¶¶ 1, 4. Plaintiffs also allege violations of the Internal Revenue Code, 26 U.S.C. § 7434 (Count V) ("IRC"), and New York General Business Law § 349 (Count VI) ("GBL"). *See* Compl. ¶¶ 118-23, 124-27.

---

[2] The Second Circuit has stated that a motion to amend is a "nondispositive" matter that can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a) and subject to review under the "clearly erroneous" standard. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). Accordingly, "[c]ourts in this Circuit typically treat motions to amend as non-dispositive pre-trial motions." *Lema v. Fitzcon Constr./Ren Corp.*, No. 20-CV-2311, 2022 WL 1321596, at *1 n.1 (E.D.N.Y. May 3, 2022); *see Prosper v. Thomson Reuters Inc.*, No. 18-CV-2890, 2021 WL 535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) (collecting cases). Some courts have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive. *See, e.g., Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a)."). Other courts have suggested a distinction between denials based on undue delay or prejudice, treated as non-dispositive, and denials based on futility, which are treated as dispositive. *See Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438, 2021 WL 863264, at *1 n.1 (S.D.N.Y. Jan. 22, 2021). Out of an abundance of caution, since this Court recommends denying plaintiffs' motion on, among others, futility grounds, this decision is issued as a report and recommendation. *See Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it.").

Plaintiffs filed their complaint on February 18, 2021. *See* Compl. On June 14, 2021, the parties were ordered to commence limited discovery and engage in settlement discussions. *See* Order dated 6/14/2021, Dkt. 22. On October 19, 2021, the Court referred the parties to the Court-annexed mediation program. *See* Minute Entry dated 10/19/2021. The parties failed to resolve this action at the mediation. *See* Dkt. entry dated 3/3/2022. The Court thereafter extended the discovery deadline as the parties continued to engage in private settlement discussions. *See* Minute Entry dated 3/3/2022; Mot. to Extend Discovery, Dkt. 24; Minute Order dated 6/15/2022. On September 22, 2022, the parties participated in a settlement conference with the Court. *See* Minute Entry dated 9/22/2022. The parties failed to reach a settlement at the conference. *See id*. On October 5, 2022, the Court adopted the parties' proposed amended discovery schedule in relevant part, as follows: "(1) no additional parties may be joined after 1/17/2023; (2) no amendment of the pleadings permitted without good cause after 11/22/2022; . . . and (4) parties shall complete all fact discovery, including depositions, by 1/17/2023." Dkt. entry dated 10/5/2022.

On February 3 and March 14, 2023, plaintiffs' prior counsel, Ricardo Morel, moved to withdraw as plaintiffs' counsel, *see* Mot. to Withdraw, Dkts. 33, 37, which this Court granted, *see* Minute Entry and Order both dated 3/14/2023. On February 23, 2023, plaintiffs retained new counsel and attorneys with the Troy Law, PLLC, appeared on behalf of plaintiffs. *See* Dkts. 34-36. In light of the appearance of new counsel on behalf of plaintiffs, the Court extended the fact discovery period to June 12, 2023. *See* Minute Entry dated 3/14/2023.

On April 4, 2023, plaintiffs filed a premotion conference request in connection with their anticipated motion to amend the complaint. *See* Dkt. 40. On April 14, 2023, defendants responded to the premotion request. *See* Dkt. 41. On April 18, 2023, the Honorable LaShann

3

DeArcy Hall referred the premotion conference request to the undersigned. *See* Order Referring Motion dated 4/18/2023. On April 26, 2023, the Court set a briefing schedule with respect to plaintiffs' anticipated motion to amend the complaint. *See* Minute Entry dated 4/26/2023. The Court extended the fact discovery deadline to July 3, 2023, and allowed the parties to hold depositions in abeyance pending a ruling on plaintiffs' motion to amend. *See id.*[3]

On July 3, 2023, the parties filed their fully-briefed motion. *See* Mot. to Amend, Dkt. 44. For the reasons set forth below, this Court respectfully recommends granting dismissal of the claims against the deceased defendant, Ding Guang Wai, but otherwise denying plaintiffs' motion to amend.

## Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires." Where, as here, a scheduling order governs amendments to the complaint, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). In other words, a district court has discretion to "deny[] leave to amend the pleadings where the moving party has failed to establish good cause." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

"To show 'good cause,' a party must show that it acted with 'diligence' to meet the deadline in the scheduling order." *Perez v. Escobar Constr., Inc.*, No. 20-CV-8010, 2023 WL

---

[3] The Court subsequently extended the fact discovery deadline to August 4, 2023 in light of a potential discovery dispute between the parties. *See* Dkt. entry dated 8/1/2023.

5387541, at *4 (S.D.N.Y. Aug. 22, 2023) (quoting *Parker*, 204 F.3d at 340). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482, 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014) (citing *Parker*, 204 F.3d at 340-41). Further, "even where 'good cause' is shown, a court may deny leave to amend under Rule 15 for 'good reason,' which . . . includes futility, undue delay, bad faith, and prejudice." *La Liberte v. Reid*, No. 18-CV-5398, 2023 WL 6370772, at *3 (E.D.N.Y. Sept. 30, 2023).

As set forth in the October 5, 2022 scheduling order, the Court imposed a deadline of November 22, 2022 to amend the pleadings without good cause. *See* Order dated 10/5/2022. Plaintiffs filed their premotion conference request seeking leave to file the present motion to amend on April 4, 2023, *see* Dkt. 40, approximately five months after the November 22, 2022 deadline. Accordingly, both Rule 16(b) and Rule 15(a)(2) govern plaintiffs' motion. Plaintiffs move for leave to amend to make three changes to the complaint: (1) to add a new defendant, 37-17 Management LLC ("37-17 Management"); (2) to substitute deceased defendant, Ding Guang Wai, with Benjamin Wai, as executor; and (3) to add collective and class action allegations. *See* Pls.' Mot., Dkt. 44-2 at ECF page 5.[4] Defendants challenge the proposed amendments as untimely, unsupported by good cause, and futile. *See generally* Defs.' Opp., Dkt. 44-7.

**IRC and GBL claims**. Plaintiffs also request to "remove the IRC claims without prejudice" in the preliminary statement, procedural history, and conclusion sections of their

---

[4] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

5

motion. *See* Pls.' Mot., Dkt. 44-2 at ECF pages 4-5, 12. The request is not briefed in the body of the motion, presumably because the parties entered into a stipulation voluntarily dismissing both the IRC and GBL claims. *See* Stip. of Dismissal dated 4/27/2023, Dkt. 42. The Court, therefore, disregards references to the IRC claims as erroneous.

**Deceased Defendant Ding Guang Wai.** The parties agree that defendant Ding Guang Wai died on April 22, 2020, ten months before plaintiffs commenced this action. *See* Pls.' Mot., Dkt. 44-2 at ECF page 4; Defs.' Opp., Dkt. 44-7 at ECF page 11. Plaintiffs' premotion conference letter pointed out that no party filed a suggestion of death pursuant to Rule 25, suggesting the substitution procedures of that Rule would be relevant. *See* Premotion Letter, Dkt. 40 at ECF page 3. In their opposition brief, defendants argue that Rule 25 is irrelevant because Ding Guang Wai died *before* this action commenced, *see* Defs.' Opp. at ECF pages 10-11, an argument that is consistent across various circuits but not decisively settled in this district. The Court need not address defendants' argument because plaintiffs appear to have withdrawn any requests relating to Rule 25. In their opening memorandum, plaintiffs bring their motion to replace defendant Ding Guang Wai with Benjamin Wai, as executor, Pls.' Mot., Dkt. 44-2 at ECF pages 9-10, under *Rule 21*, which permits the Court "at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21. Further, where, as here, the time to join additional parties has expired, "a motion to join additional parties is subject to the good cause requirement" of Rule 16(b). *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019). Accordingly, as with the other proposed amendments, the Court analyzes the request to substitute Ding Guang Wai with Benjamin Wai, as executor, under Rule 15, which is coextensive with Rule 21, and Rule 16. *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 (E.D.N.Y. 2007) ("It is generally accepted . . . that no material difference exists between the standards articulated

by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21.").

**I.      Plaintiffs Have Failed to Satisfy the Good Cause Requirement of Rule 16(b)**

Plaintiffs contend they have shown good cause to add 37-17 Management as a defendant because the facts regarding its existence emerged from defendants' document production. *See* Pls.' Mot. at ECF page 7. Plaintiffs are correct that leave to amend generally is appropriate when "a party learns new facts through discovery that were unavailable prior to the applicable deadline." *Oliver v. Am. Express Co.*, No. 19-CV-566, 2023 WL 4471937, at *4 (E.D.N.Y. July 11, 2023) (quoting *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016)).

But this is not such a case. Plaintiffs' characterization of 37-17 Management as "newly discovered" is misleading. *See* Pls.' Mot. at ECF page 7. As defendants point out, the discovery revealing the existence of 37-17 Management was produced to prior counsel in *July 2021*. *See* Defs.' Opp. at ECF page 7; *see, e.g.*, Defs.' Doc. Production, Dkt. 44-3 (Ex. 1) at ECF pages 34, 36. The proposed party, 37-17 Management, was recently discovered only by plaintiffs' new counsel—not plaintiffs themselves or their prior counsel, who had access to the document discovery.

Similarly, plaintiffs admit that prior counsel knew of the passing of defendant Ding Guang Wai. *See* Pls.' Mot., Dkt. 44-2 at ECF page 12. Presumably, prior counsel decided not to remove Ding Guang Wai from this action despite this knowledge. Lastly, plaintiffs do not attempt to show any independent good cause for adding class and collective action allegations, relying only on arguments under Rule 15. *Id.* at ECF pages 10-11.

At this stage of the litigation, it is clear that the basis for amendment is not newly

7

discovered information that arose through discovery, but rather the appearance of new counsel and a resulting change in litigation strategy. *See* Dkts. 34-36. Plaintiffs reveal as much in their reply, arguing their new counsel "should not be prejudiced for previous counsel's errors." Reply Mem., Dkt. 44-8 at ECF pages 6-7. Accordingly, the issue before the Court is whether the appearance of new counsel constitutes good cause to amend the complaint after the applicable deadline.

Generally, the negligence of prior counsel in failing to bring certain claims does not establish good cause. *See Scott v. New York City Dep't of Correction*, 445 F. App'x 389, 391 (2d Cir. 2011). "To find good cause simply on the basis of new counsel would be 'to allow a party to manufacture good cause at any time simply by switching counsel.'" *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) (quoting *Glover v. Jones*, No. 05-CV-6124, 2006 WL 3207506, at *4 (W.D.N.Y. Nov. 3, 2006)).

Whether prior counsel was negligent in failing to name an additional corporate defendant (37-17 Management) and the estate of the deceased defendant (Benjamin Wai, as executor), or whether such additions simply reflect new counsel's strategy, neither scenario establishes good cause under this Circuit's case law. Plaintiffs' motion to add class and collective action claims at this stage warrants the same conclusion: new counsel's diverging views on how this case should be structured is not a basis to amend after the deadline. *See Kontarines v. Mortg. Elec. Registration Sys., Inc.*, No. 15-CV-2206, 2016 WL 3821310, at *4 (E.D.N.Y. July 12, 2016) ("[T]he timing of plaintiff's belated application is the product of his retention of new counsel and resulting change in strategy—factors that do not constitute good cause under Rule 16(b)."); *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 15-CV-2457, 2019 WL 1245013, at *1, *5 (S.D.N.Y. Mar. 18, 2019), *aff'd*, 850 F. App'x 38 (2d Cir. 2021) ("[Plaintiff's] retention of new counsel

does not provide it with the opportunity to restart this litigation.").

Even though new counsel did not delay in seeking amendment, submitting plaintiffs' premotion letter less than two months after first appearing in the case, the diligence analysis is not limited to new counsel because "[p]arties are bound by actions of prior counsel." *Alexander*, 829 F. Supp. 2d at 118. Accordingly, plaintiffs have not established they were diligent in seeking amendment and, therefore, cannot show good cause. Although plaintiffs have failed to satisfy Rule 16(b), the Court nonetheless proceeds to address the parties' arguments under Rule 15.

## II.     Amendment Is Also Improper Under Rule 15(a)

### A.     Amendment Would Cause Prejudice to Defendants

Defendants argue allowing amendment would prejudice them because permitting additional discovery and potential motion practice will cost defendants "significant additional resources" and will delay the case. Defs.' Opp., Dkt. 44-7 at ECF page 8. Plaintiffs contend that because discovery is ongoing, amendment would not be prejudicial. *See* Pls.' Mot., Dkt. 44-2 at ECF pages 8-9.

"In determining what constitutes prejudice, [courts] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-1382, 2022 WL 18859065, at *2 (E.D.N.Y. Dec. 13, 2022), *report and recommendation adopted*, 2023 WL 2365983 (E.D.N.Y. Mar. 6, 2023) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Courts tend to find amendments less prejudicial if discovery has yet to conclude. *See Scott v. Chipotle Mexican Grill, Inc.*, 300

F.R.D. 193, 200 (S.D.N.Y. 2014).

Here, the Court ordered the parties to complete written discovery by August 4, 2023, but permitted the parties to hold depositions in abeyance pending a resolution of plaintiffs' motion to amend the complaint. The Court reasoned that a ruling on the motion to amend would instruct the parties as to the scope of the depositions. Permitting plaintiffs' proposed amendments would require the parties to reopen document discovery. While the Court disagrees with defendants' contention that the amendments would cause "discovery demands and potential motion practice [to] expand exponentially,"[5] Defs.' Opp., Dkt. 44-7 at ECF page 8, reopening written discovery to account for the new defendants would undoubtedly delay resolution of this more than two-year-old case. *See La Liberte v. Reid*, No. 18-CV-5398, 2023 WL 6593985, at *6 (E.D.N.Y. Aug. 18, 2023), *report and recommendation adopted*, 2023 WL 6370772 (E.D.N.Y. Sept. 30, 2023) ("[Defendants] would suffer some degree of prejudice because the filing of the second amended complaint would necessarily prolong the resolution of the case to accommodate the appearance of new defendants.").

Further, in light of plaintiffs' failure to show good cause under Rule 16(b), even the minor prejudice at stake in this case militates against allowing the amendments. *See 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09-CV-889, 2012 WL 4174862, at *9 (E.D.N.Y. Sept. 18, 2012) ("Even where the prejudice to the non-moving party may well be minimal, a

---

[5] Plaintiffs allege defendant JJW Enterprises, Inc. and 37-17 Management jointly employed plaintiffs. *See* [proposed] First Am. Compl. at ¶ 41, Dkt. 44-5; *see also* Defs.' Opp., Dkt. 44-7 at ECF page 8 ("the [proposed] amended complaint alleges that 37-17 Management was a joint employer of the plaintiffs for a maximum of 6 weeks"). Relevant discovery into JJW and 37-17 Management, therefore, would likely substantially overlap. *See also* Status Report dated March 30, 2023, Dkt. 39 ("Defendant[s]' counsel notes that 37-17 Management LLC was established in mid-2020 solely for purposes of handling payroll of defendant JJW Enterprises.").

failure to show good cause can warrant denial of a motion to amend."); *see also Mark J. Elkowitz, MD., P.C. v. UnitedHealthcare of New York, Inc.*, No. 17-CV-4663, 2023 WL 6140183, at *7 (E.D.N.Y. Sept. 20, 2023) ("Even absent any prejudice to Defendant, the fact that Plaintiff has failed to pursue amendment with diligence alone is sufficient grounds to deny the Motion.").

### B. Plaintiffs' Class and Collective Action Claims Are Futile

Lastly, defendants challenge plaintiffs' motion to add class and collective action allegations for an additional reason: the claims are futile because plaintiffs fail to "provide any names, descriptions or job titles of these supposedly similarly situated employees and do not even allege that there were similarly situated employees." Defs.' Opp., Dkt. 44-7 at ECF page 9. Plaintiffs argue that they "specifically identify" other employees who were subjected to the same unlawful policies but point only to the three named plaintiffs. Pls.' Mot., Dkt. 44-2 at ECF pages 10-11.

Futility is "[o]ne appropriate basis for denying leave to amend." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quoting *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)). An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). For proposed class action allegations, "it is necessary to evaluate the likelihood that her proposed class will be certified pursuant to Fed. R. Civ. P. 23(c)." *Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003). In contrast, conditional certification of a collective action under the FLSA requires only a "modest factual showing sufficient to demonstrate that [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Bowens v. Atl. Maint.*

11

*Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008).

Plaintiffs here fail to meet even the minimal factual burden required to raise a collective action claim—which is "considerably less stringent" than the requirements for Rule 23 certification. *Moriera v. Sherwood Landscaping Inc.*, No. 13-CV-2640, 2014 WL 12539653, at *3 (E.D.N.Y. Mar. 31, 2014). Although the standard for collective action certification is liberal, "[a] plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent." *Reyes v. Nidaja, LLC*, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015). "[C]ourts may deny conditional certification where a plaintiff 'endeavors to represent an overly broad class' or 'includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions.'" *Fu v. Mee May Corp.*, No. 15-CV-4549, 2016 WL 1588132, at *3 (S.D.N.Y. Apr. 20, 2016) (quoting *Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015)).

In *Fu v. Mee May*, the Court denied conditional certification where plaintiffs sought certification of an overly broad class. *Id.* The three named plaintiffs alleged they were employed by defendant as delivery workers, but they sought conditional certification of a class including "all non-exempt persons employed by Defendants . . . within the last three years." *Id.* Plaintiffs here attempt the same. All three named plaintiffs are maintenance workers in defendants' residential realty operations, *see* [proposed] First Am. Compl. at ¶¶ 13-15, Dkt. 44-5, yet plaintiffs seek amendment to certify a collective action of "other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years . . . who[] were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per

12

week," *id.* ¶ 97.  Plaintiffs make no attempt to limit the proposed collective members to maintenance workers or, alternatively, to allege facts regarding the duties, hours, or wages of non-maintenance worker employees.

The Court concludes plaintiffs' sparse allegations would fail to satisfy the low bar required for conditional certification.  *See Fu*, 2016 WL 1588132, at *4 ("Had Plaintiffs included a Declaration substantiating the alleged scheme from any current or former employee engaged in a different type of work at Mee May—or had the existing Declarations alleged with particularity the duties, hours, or wages of non-delivery workers—Plaintiffs might clear the 'modest factual showing' required by the Second Circuit."); *see also Qi Zhang v. Bally Produce, Inc.*, No. 12-CV-1045, 2013 WL 1729274, at *3 (E.D.N.Y. Apr. 22, 2013) (denying conditional certification where plaintiff failed to show that the other members of his proposed class had similar duties and responsibilities).  Accordingly, this Court finds that plaintiffs' motion to add class and collective action claims would be futile and recommends denying amendment on this additional ground.

**III.    Deceased Defendant Ding Guang Wai Should Be Dismissed**

Notwithstanding this Court's recommendation denying substitution of Benjamin Wai, as executor, in place of deceased defendant, Ding Guang Wai, this Court recommends granting plaintiffs' motion "to remove" Ding Guang Wai from the case because he died before plaintiffs commenced this action, Pls.' Mot., Dkt. 44-2 at ECF page 5.  *See United States v. Callard*, No. 11-CV-4819, 2013 WL 2022870, at *4 (E.D.N.Y. May 14, 2013) (dismissing claims against defendants who had died before action commenced); *see also Graham v. Henderson*, 224 F.R.D. 59, 65 (N.D.N.Y. 2004) (denying Rule 25 substitution of decedent's "successor" and dismissing decedent from the case).  Accordingly, the undersigned recommends dismissing all claims against deceased defendant Ding Guang Wai and removing him from the case caption.

**Conclusion**

For the reasons stated above, this Court respectfully recommends granting plaintiffs' motion to "remove" the deceased defendant, Ding Guang Wai, and dismissing him from this action. This Court recommends denying the remainder of plaintiffs' motion to amend the complaint.

Any objections to the recommendations made in this Report must be filed with the Honorable LaShann DeArcy Hall within 14 days after the filing of this Report and Recommendation and, in any event, on or before **January 17, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED.**

Dated:    Brooklyn, New York
            January 3, 2024

                                            s/ James R. Cho
                                            James R. Cho
                                            United States Magistrate Judge